14-957 (L)
Zhu v. Lynch

BIA
Weisel, IJ
A200 743 359

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand sixteen.

PRESENT:
>           PIERRE N. LEVAL,
>           JOSÉ A. CABRANES,
>           CHRISTOPHER F. DRONEY,
>                 *Circuit Judges.*

_____

YINGJIN ZHU,
>           *Petitioner,*

>     v.                                        14-957(L),
>                                               14-4094(Con)
>                                               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:            Jan Potemkin, New York,
                           New York.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General;
                           Michelle G. Latour, Deputy Director;
                           Victor M. Lawrence, Senior

Litigation Counsel, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Yingjin Zhu, a native and citizen of the People's Republic of China, seeks review of (1) a February 28, 2014, decision of the BIA that affirmed an April 5, 2012, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and denied her motion to remand in the first instance, *In re Yingjin Zhu,* No. A200 743 359 (B.I.A. Feb. 28, 2014), *aff'g* No. A200 743 359 (Immig. Ct. N.Y. City Apr. 5, 2012), and (2) an October 9, 2014, decision of the BIA denying her motion to reopen. *In re Yingjin Zhu*, No. A200 743 359 (B.I.A. Oct. 9, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.   Docket 14-957 (L), Order of Removal and Motion to Remand**

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable

standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

A.  Asylum, Withholding of Removal, and CAT Relief

An alien may establish eligibility for asylum and withholding of removal based on past persecution alone. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b)(1).  A valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

The agency reasonably concluded that Zhu failed to establish that she suffered past persecution based on Chinese officials' suspicion that she supported the return of the Yanbian Korean Autonomous Prefecture to Korea.  She did not suffer any harm during her brief detention. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011).  And she did not allege any severe economic disadvantage as a result of being demoted and required to report certain of her business

3

interactions.  *See Huo Qiang Chen v. Holder*, 773 F.3d 396, 405 (2d Cir. 2014).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution.  8 C.F.R. § 1208.13(b)(2).  To establish a well-founded fear of persecution, an applicant must show that she subjectively fears persecution and that her fear is objectively reasonable.  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Contrary to Zhu's contention, the agency did not apply an overly stringent burden of proof when it noted that she had not demonstrated that the Chinese government maintained an interest in monitoring or harming her.  *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 68-69 (2d Cir. 2002).  Indeed, her fear of future persecution was not objectively reasonable given her admission that she had no evidence that the Chinese government continues to be interested in her or is looking for her for any political reason.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best").

Zhu's failure to demonstrate a well-founded fear of persecution is dispositive of asylum, withholding of removal,

4

and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

B.  Motion to Remand

To obtain remand based on an ineffective assistance claim, an alien must substantially comply with certain procedures laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46-47 (2d Cir. 2005). Specifically, the alien must submit an affidavit that details her agreement with former counsel, proof that she notified counsel of her allegations, and information regarding whether a complaint has been filed with the appropriate disciplinary authority or an explanation for failing to do so. *See Lozada*, 19 I. & N. Dec. at 639. Failure to comply substantially with the *Lozada* requirements constitutes forfeiture of an ineffective assistance claim. *See Jian Yun Zheng*, 409 F.3d at 46-47.

As the BIA found, Zhu failed to substantially comply with the *Lozada* requirements because she did not submit an affidavit detailing her agreement with her former attorneys, and she did not file a complaint with the appropriate disciplinary authority. Although Zhu challenges the BIA's finding in her

opening brief, she admitted in a later motion before the BIA that her motion to remand did not comply with *Lozada*. Accordingly, the BIA did not err in rejecting Zhu's ineffective assistance claim as a basis for remand. *See Jian Yun Zheng*, 409 F.3d at 46-47.

**II. Docket 14-4094 (Con), Motion to Reopen**

We review the denial of a motion to reopen for abuse of discretion, and review the BIA's fact-finding regarding country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In order to prevail on a claim of ineffective assistance of counsel, a movant must show that competent counsel would have acted otherwise, and that she was prejudiced by counsel's performance. *Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993). To demonstrate prejudice, or otherwise succeed on a motion to reopen, a movant must establish a prima facie case for the underlying substantive relief sought. *See Rabiu*, 41 F.3d at 882-83; *see also INS v. Abudu*, 485 U.S. 94, 104 (1988).

The BIA did not err in finding that Zhu failed to demonstrate her prima facie eligibility for asylum on account of her Christian faith. The BIA explicitly acknowledged

6

reports of religious suppression and police harassment of unregistered religious groups in China. Nevertheless, it reasonably noted country conditions evidence that the Chinese government permits family and friends to meet in private for worship and bible study, and that unregistered church members have noticed increased freedom to conduct religious services. The country conditions evidence further states that around 70 million Christians practice in unregistered churches in China, and that authorities in some areas of the country do not interfere with their activities.

Moreover, the BIA acknowledged Zhu's assertion that her friends in China, to whom she had proselytized, were detained and beaten for unregistered church activities in April 2012. The BIA did not err in finding that the vague description Zhu and her friend provided regarding this incident was insufficient to demonstrate a realistic chance that Zhu would face persecution if she were to practice in an unregistered church upon return to China. *See Jian Hui Shao*, 546 F.3d at 172.

Because Zhu failed to demonstrate her prima facie eligibility for relief, the BIA did not err in denying her motion to reopen. *See Rabiu*, 41 F.3d at 882-83; *Abudu*, 485 U.S. at

7

104. Accordingly, we do not consider the BIA's alternative finding that Zhu failed to satisfy the *Lozada* requirements in her second motion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk